

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2011

# In Re: Ossie Trader

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-3718

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"In Re: Ossie Trader " (2011). *2011 Decisions*. Paper 1787.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/1787

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3718
_____

In re: OSSIE R. TRADER,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 94-00534-002)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 29, 2010
Before: McKEE, Chief Judge, and ALDISERT and WEIS, Circuit Judges
(Opinion filed: February 15, 2011)
_____

OPINION
_____

PER CURIAM.

Ossie Trader is a federal prisoner serving a 248-month sentence for armed bank robbery and related crimes.  This is at the least the seventh time, and the second in less than two months, that Trader has sought to challenge his conviction by way of mandamus in order to circumvent AEDPA's gate-keeping requirements for successive § 2255 motions.  For the reasons just given in In re Trader, CA No. 10-3373 (3d Cir. Oct. 13,

1

2010), we will deny Trader's latest mandamus petition.[1]  We caution that another attempt to raise the challenge rejected here will prompt us to initiate proceedings to enjoin such repetitive filings.

---

[1]  We note for Trader's benefit that <u>United States v. Carrasquillo</u>, 667 F.2d 382 (3d Cir. 1981), is not germane to the argument he makes in support of mandamus relief.  In <u>Carrasquillo,</u> we clarified what events in a criminal case would trigger the running of the 70-day Speedy Trial Act period.  667 F.2d at 384 ("When there is no [pre-indictment] appearance because an information or indictment is the first step in a criminal case, then postindictment arraignment will be the relevant 'last occurring' date" for purposes of assessing whether there has been a violation of the Speedy Trial Act.).